**LITE DEPALMA GREENBERG, LLC**
Michael E. Patunas
Mayra V. Tarantino
570 Broad Street, Suite 1201
Newark, NJ 07102
(973) 623-3000
mpatunas@litedepalma.com
mtarantino@litedepalma.com

*Of Counsel*:
**GOODWIN PROCTER LLP**
Ira J. Levy
Cynthia Lambert Hardman
Linnea P. Cipriano
The New York Time building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

*Attorneys for Defendant Teva Pharmaceuticals USA, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUMITOMO DAINIPPON PHARMA CO., LTD. and SUNOVION PHARMACEUTICALS INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC. and TEVA PHARMACEUTICAL INDUSTRIES LTD.,<br><br>*Defendants*. | Civil Action No. 15-6401(SRC)(CLW) |

**ANSWER AND COUNTERCLAIMS OF DEFENDANT**
**TEVA PHARMACEUTICALS USA, INC. TO THE COMPLAINT**

Defendant Teva Pharmaceuticals USA, Inc. ("Teva USA"), through its undersigned counsel, hereby submits the following answer and counterclaims in response to the complaint of plaintiffs Sumitomo Dainippon Pharma Co., Ltd. ("Sumitomo") and Sunovion Pharmaceuticals

Inc. ("Sunovion") (collectively, "Plaintiffs"). This answer is based on Teva USA's knowledge as to its own activities, and upon information and belief as to the activities of others. The numbered paragraphs below correspond to the numbered paragraphs in the complaint. To the extent not specifically admitted herein, the allegations of the complaint are denied.

**THE PARTIES**

1. Teva USA is without information sufficient to form a belief as to the allegations of this paragraph, and therefore denies them.

2. Teva USA is without information sufficient to form a belief as to the allegations of this paragraph, and therefore denies them.

3. Teva USA admits that it is a corporation organized under the laws of the State of Delaware having a place of business at 1090 Horsham Road, North Wales, Pennsylvania 19454. Otherwise denied.

4. Teva USA admits that Corporate Creations Network Inc., 811 Church Road Suite 105, Cherry Hill, New Jersey, 08002, is its agent authorized to accept service of process. Otherwise denied.

5. Teva USA admits that it has facilities located at 400 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677-7604; 208 Passaic Avenue, Suite 1, Fairfield, New Jersey 07004-3515; and 8 Gloria Lane, Fairfield, New Jersey 07004-3306. Otherwise denied.

6. Teva USA admits that it is a wholly-owned subsidiary of Teva Pharmaceutical Industries Ltd. Otherwise denied.

7. Teva USA admits that Teva Pharmaceutical Industries Ltd. is an Israeli corporation having a place of business at 5 Basel Street, P.O. Box 3190, Petach Tikva 49131, Israel. Otherwise denied.

8. Because this paragraph is directed to another party, no response is required. To the extent a response is required, denied.

**JURISDICTION AND VENUE**

9. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Teva USA admits that Plaintiffs purport to bring an action for alleged infringement of United States Patent No. 5,532,372 ("the '372 patent"), arising under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*. Otherwise denied.

10. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Teva USA admits that Plaintiffs purport to state claims such that the Court has jurisdiction over the subject matter of the action. Otherwise denied.

11. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied. Teva USA states, however, that it does not contest venue in this jurisdiction for purposes of this litigation only.

12. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied. Teva USA states, however, that it does not contest personal jurisdiction in this matter for purposes of this litigation only.

13. Teva USA admits that it sent a Paragraph IV Certification Notice Letter to Sunovion, dated July 13, 2015 ("Notice Letter"). The remainder of this paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

14. Teva USA admits that its Notice Letter stated that Teva USA submitted Abbreviated New Drug Application ("ANDA") No. 208060 to the U.S. Food and Drug Administration ("FDA") seeking approval to engage in the commercial manufacture, use, or sale of Lurasidone Hydrochloride Tablets, 20 mg, 40 mg, 60 mg, 80 mg and 120 mg in the United

States prior to expiration of the ’372 patent. Otherwise denied.

15. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied. Teva USA states, however, that it does not contest personal jurisdiction in this matter for purposes of this litigation only.

16. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied. Teva USA states, however, that it does not contest personal jurisdiction in this matter for purposes of this litigation only.

17. Because this paragraph is directed to another party, no response is required. Additionally, this paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

## THE PATENT-IN-SUIT

18. Teva USA admits, on information and belief, that Sunovion holds approved New Drug Application (“NDA”) No. 200603, which concerns 20 mg, 40 mg, 60 mg, 80 mg, and 120 mg lurasidone HCl tablets. Teva USA admits, on information and belief, that these tablets are sold under the trade name LATUDA®. Otherwise denied.

19. Teva USA admits, on information and belief, that LATUDA® is indicated for the treatment of schizophrenia and for the treatment of depressive episodes associated with Bipolar I Disorder (bipolar depression), as monotherapy and as adjunctive therapy with lithium or valproate. Otherwise denied.

20. Teva USA admits, on information and belief, that the ’372 patent is titled “Imide derivatives, and their production and use,” that it issued on or about July 2, 1996, and that it is owned by Sumitomo Dainippon Pharma Co., Ltd. Teva USA admits that Exhibit A to the Complaint appears to be a copy of the ’372 patent. Otherwise denied.

21. On information and belief, admitted.

**DEFENDANT'S ANDA AND NOTICE LETTER**

22. Teva USA admits that it submitted ANDA No. 208060 ("Teva USA's ANDA") to the FDA in order to obtain approval to market 20 mg, 40 mg, 60 mg, 80 mg and 120 mg lurasidone HCl tablets in the United States. Teva also admits that it submitted a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(viii)(IV) of the Federal Food, Drug, and Cosmetic ("Paragraph IV Certification"), seeking this approval prior to the expiration of the '372 patent. Otherwise denied.

23. Teva USA admits that it sent a notice of its Paragraph IV Certification to Plaintiffs on or about July 13, 2015. Teva USA admits that this notice stated that the FDA had received Teva USA's ANDA and that Teva USA was seeking approval of Teva USA's ANDA prior to expiration of the '372 patent. Teva USA admits, upon information and belief, that Sunovion first received this notice on July 14, 2015. Otherwise denied.

24. Teva USA admits that Plaintiffs filed the Complaint on August 24, 2015. Otherwise denied.

**DEFENDANT'S ALLEGED INFRINGEMENT OF THE '372 PATENT**

25. Teva USA repeats and re-alleges as if fully set forth herein its responses to paragraphs 1-24.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## PLAINTIFFS' PRAYER FOR RELIEF

Teva USA denies that Plaintiffs are entitled to any relief for the allegations and claims made in their Complaint, including the relief requested in subsections (A) through (F) of the Complaint.

## AFFIRMATIVE DEFENSES

Teva USA, without prejudice to the denials set forth in its Answer, alleges the following affirmative defenses. Teva USA reserves the right to supplement this Answer, including the right to assert additional defenses, as more information is learned through discovery.

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement of the '372 Patent)

32. Teva USA's manufacture, sale, use, offer for sale and/or importation of the drug products that are the subject of ANDA No. 208060 would not infringe any valid and enforceable claim of the '372 patent.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity of the '372 Patent)

33. The claims of the '372 patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 100 *et seq.*, including but not limited to §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

34. The Complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE
### (Other Defenses)

35. Any additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIMS

Teva Pharmaceuticals USA, Inc. ("Teva USA") counterclaims against Sumitomo Dainippon Pharma Co. Ltd. ("Sumitomo") and Sunovion Pharmaceuticals Inc. ("Sunovion") as follows:

## PARTIES

1. Teva USA is Delaware corporation having a place of business at 1090 Horsham Road, North Wales, Pennsylvania 19454.

2. Upon information and belief, Sumitomo is a Japanese corporation, having its principal place of business at 6-8, Doshomachi 2-chrome, Chuo-ku, Osaka, Osaka 541-0045, Japan.

3. Upon information and belief, Sunovion is a corporation having its principal place of business at 84 Waterford Dr., Marlborough, Massachusetts 01752.

## JURISDICTION AND VENUE

4. This is a declaratory judgment action arising under the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). The requested relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. Sumitomo and Sunovion are subject to the personal jurisdiction of this Court because they initiated and are prosecuting this action in this Court, and because, on information and belief, they either directly or through agents transact business in, and derive substantial revenue from, New Jersey. Upon information and belief, Sunovion has offices at One Bridge Plaza North, Suite 510, Fort Lee, NJ 07024, and is registered to do business in New Jersey.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## BACKGROUND

7. Upon information and belief, Sunovion holds New Drug Application No. 200603, which relates to 20 mg, 40 mg, 60 mg, 80 mg and 120 mg lurasidone HCl tablets. Upon information and belief, Sunovion sells these tablets under the brand name LATUDA®, which is indicated for the treatment of schizophrenia and for the treatment of depressive episodes associated with Bipolar I Disorder (bipolar depression), as monotherapy and as adjunctive therapy with lithium or valproate.

8. Upon information and belief, the ’372 patent issued on or about July 2, 1996.

9. Upon information and belief, Sumitomo owns the ’372 patent.

10. Upon information and belief, the ’372 patent is listed in the FDA’s publication *Approved Drug Products with Therapeutic Equivalence Evaluations* (“the Orange Book”) for LATUDA®.

11. Teva USA submitted ANDA No. 208060 to the FDA under 21 U.S.C. § 355(j) seeking approval to market 20 mg, 40 mg, 60 mg, 80 mg, and 120 mg lurasidone HCl tablets in the United States. ANDA No. 208060 includes a certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the manufacture, use, or sale of the proposed drug products would not infringe any valid and enforceable claim of the ’372 patent, and/or that the claims of that patent are invalid.

12. Teva USA sent notice of that certification to Sumitomo and Sunovion on or about July 13, 2015. On information and belief, Sumitomo and Sunovion received that notice.

13. A justiciable controversy exists as to the infringement and validity of the ’372 patent because Sumitomo and Sunovion have brought an action alleging that Teva USA’s importation, manufacture, use, offer for sale, or sale of the products that are the subject of

ANDA No. 208060 would infringe that patent, and Teva USA has denied the alleged infringement and further alleges that the claims of the ’372 patent are invalid. This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

**FIRST COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the ’372 Patent)**

14. Teva USA repeats and re-alleges as if fully set forth herein the allegations set forth in paragraphs 1-13 of its counterclaims.

15. The claims of the ’372 patent are invalid for failure to comply with one or more provisions of 35 U.S.C. § 100 *et seq.*, including but not limited to §§ 101, 102, 103, and/or 112.

**SECOND COUNTERCLAIM**
**(Declaratory Judgment of Non-infringement of the ’372 Patent)**

16. Teva USA repeats and re-alleges as if fully set forth herein the allegations set forth in paragraphs 1-15 of its counterclaims.

17. Teva USA’s manufacture, use, sale, offer for sale, or importation of the drug products that are the subject of ANDA No. 208060 would not infringe any valid and enforceable claim of the ’372 patent.

**PRAYER FOR RELIEF**

WHEREFORE, Teva USA respectfully requests the following relief:

A. A judgment dismissing the Complaint with prejudice;

B. A judgment denying Plaintiffs any of the relief they have requested in the Complaint;

C. A judgment declaring the ’372 patent invalid;

D. A judgment declaring that Teva USA’s importation, manufacture, use, offer for sale, or sale of the drug products that are the subject of ANDA No. 208060 would not infringe

any valid and enforceable claim of the ’372 patent;

E. A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Teva USA its reasonable attorney’s fees;

F. Teva USA’s costs and expenses in defending this action; and

G. Such other and further relief as the Court may deem just and proper.

Dated: October 2, 2015

**LITE DEPALMA GREENBERG, LLC**

*/s/ Michael E. Patunas*
Michael E. Patunas
Mayra V. Tarantino
570 Broad Street, Suite 1201
Newark, NJ 07102
(973) 623-3000
mpatunas@litedepalma.com
mtarantino@litedepalma.com

*Of Counsel*:
**GOODWIN PROCTER LLP**
Ira J. Levy
Cynthia Lambert Hardman
Linnea P. Cipriano
The New York Time building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

*Attorneys for Defendant Teva Pharmaceuticals USA, Inc.*

**LOCAL CIVIL RULE 11.2 CERTIFICATION**

Teva Pharmaceuticals USA, Inc., by its undersigned counsel, hereby certifies pursuant to Local Civil Rule 11.2 that the patent in controversy in this action is also the subject of the actions entitled *Sumitomo Dainippon Pharma Co., Ltd., et al. v. Emcure Pharmaceuticals Limited, et al.*, Civil Action 15-280 (SRC)(CLW)(D.N.J.); and *Sumitomo Dainippon Pharma Co., Ltd., et al. v. InvaGen Pharmaceuticals, Inc.*, Civil Action 15-281(SRC)(CLW)(D.N.J.).

Dated: October 2, 2015

**LITE DEPALMA GREENBERG, LLC**

*/s/ Michael E. Patunas*
Michael E. Patunas
Mayra V. Tarantino
570 Broad Street, Suite 1201
Newark, NJ 07102
(973) 623-3000
mpatunas@litedepalma.com
mtarantino@litedepalma.com

*Of Counsel*:
**GOODWIN PROCTER LLP**
Ira J. Levy
Cynthia Lambert Hardman
Linnea P. Cipriano
The New York Time building
620 Eighth Avenue
New York, NY 10018
(212) 813-8800

*Attorneys for Defendant Teva Pharmaceuticals USA, Inc.*